IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.              Civil No.  05-2256-JWL-DJW

GABRIEL J. BLEA; MARY E.
CHASE; VIA CHRISTI REGIONAL
MEDICAL CENTER; DAVID WIEBE,

    Defendants.

## JOURNAL ENTRY OF JUDGMENT AND FORECLOSURE

  Comes on for hearing the complaint of the United States.  The United States appears by Eric F. Melgren, United States Attorney for the District of Kansas, and Christina L. Medeiros, Assistant United States Attorney for said District.  The defendant, Via Christi Regional Medical Center, appears by its attorney, Robert L. Heath.  No other Defendants appear. There are no other appearances.

  The Court, upon examining its files and pleadings herein, finds as follows:

  1.  The complaint in this action was filed on June 21, 2005 (Doc. 1).  The Court has subject matter jurisdiction of this matter and jurisdiction over the parties and property that is the subject of the action.

  2.  The defendant, Via Christi Regional Medical Center, executed and returned the Waiver of Service of Summons form which was filed with the Court on July 6, 2005, in accordance with Rule 4(c)(2)(c) (Doc. 2).  The waiver of service of summons is hereby approved by the Court.

3. The defendant, Mary E. Chase, executed and returned the Amended Waiver of Service of Summons form which was filed with the Court on July 18, 2005, in accordance with Rule 4(c)(2)(c) (Doc. 3). The amended waiver of service of summons is hereby approved by the Court.

4. The defendant, David Wiebe, executed and returned the Amended Waiver of Service of Summons form which was filed with the Court on August 26, 2005, in accordance with Rule 4(c)(2)(c) (Doc. 5). The amended waiver of service of summons is hereby approved by the Court.

5. The defendant, Gabriel J. Blea, was personally served with a copy of the complaint and summons by a Deputy of the Office of the United States Marshal on October 5, 2005 (Doc. 6). The service of summons is hereby approved by the Court.

6. The defendant, Via Christi Regional Medical Center, filed its Answer to the Complaint on August 22, 2005 (Doc. 4), admitting that it holds some right, title or interest in the real estate which is the subject matter of this suit by virtue of a Journal Entry of Judgment filed in Sedgwick County, Kansas as a Chapter 60 case on August 24, 2000, in case No. 00 C 2709 wherein judgment was entered in favor of Via Christi Regional Medical Center, Inc., in the amount of $7,405.99 plus interest and costs.

7. Defendants, Gabriel J. Blea, Mary E. Chase, and David Wiebe, failed to appear, plead, or otherwise defend within the time allowed, and default was entered by the Clerk of the Court against defendants, Gabriel J. Blea, Mary E. Chase, and David Wiebe on November 8, 2005 (Doc. 8).

8. Plaintiff has no information to indicate that defendants, Gabriel J. Blea, Mary E. Chase,

and David Wiebe, are infants, incompetent persons or in the military service of the United States within the purview of the Soldiers' and Sailors' Civil Relief Act of 1984, as amended.

9. Defendants, Gabriel J. Blea, Mary E. Chase, and David Wiebe, are wholly in default and the United States is entitled to have default judgment entered in its favor against these Defendants.

10. On or about January 28, 1998, the defendants, Gabriel J. Blea and Mary E. Chase, executed and delivered to Plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a promissory note whereby they promised to pay the Plaintiff the sum of $51,650.00 with interest thereon at 7.25 percent per annum. As consideration for the note, the Plaintiff made a Rural Housing loan to the defendants, Gabriel J. Blea and Mary E. Chase, pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).

11. At the same time and place and as part of the same transaction, to secure the payment of the note, the defendants, Gabriel J. Blea and Mary E. Chase, executed and delivered to the Plaintiff a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Kearny County, Kansas, within the jurisdiction of this Court, to-wit:

> South Half of Lot Two (2), and all of Lots Three (3) and Four (4), in Block Forty-one (41) in the City of Lakin, Kearny County, Kansas. EXCEPT all oil, gas and other minerals in and under said land and all rights incident thereto.

12. This mortgage was filed for record in the office of the Register of Deeds of Kearny County, Kansas, on January 30, 1998, in Book 154 at Page 603.

13. Plaintiff is the owner and holder of said promissory note and real estate

mortgage.

16. The defendants, Gabriel J. Blea and Mary E. Chase, have failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the note and mortgage. The Plaintiff has accelerated the indebtedness and made demand for payment in full. No payment has been received.

15. Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. 3550.162, the real estate mortgage, also secured the recapture of interest credit or subsidy granted to the defendants, Gabriel J. Blea and Mary E. Chase. The total amount of interest credit or subsidy subject to recapture is $2,517.35.

16. The defendant, Mary E. Chase, received a discharge of personal liability on the note and mortgage in Bankruptcy Case No. 03-42114-7 on January 16, 2004. Therefore the judgment against her shall be an in rem judgment.

17. The defendant, Gabriel J. Blea, now owes the Plaintiff, under the provisions of the promissory note and real estate mortgage, the sum of $52,706.43 principal; together with accrued interest on principal in the amount of $9,706.71 as of March 24, 2005, plus interest accruing thereafter at the daily rate of $10.4692 on principal to the date of judgment herein; plus $2,517.35 interest credit or subsidy subject to recapture; plus interest thereafter at the legal rate set forth in 28 U.S.C. § 1961, which is 4.29%; plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus court costs and the costs of this action presently and in the future incurred.

18. No other action has been brought for recovery of said sum or any part thereof, nor has said sum or any part thereof been paid.

19.     Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq. and all rules and regulations issued pursuant thereto.

20.     Defendants, Gabriel J. Blea and Mary E. Chase, have refused to make payment of said amounts due and are wholly in default under the terms of the promissory note and real estate mortgage, and the mortgage is subject to foreclosure.  Plaintiff is, therefore, entitled to the foreclosure of its mortgage and to have its mortgaged property sold to satisfy the debt, interest and costs constituting a lien on the property.

21.     The Court further finds that any leasehold interest that defendant, David Wiebe, may have is hereby extinguished and foreclosed.

22.     The Court further finds that defendant, Via Christi Regional Medical Center, has a lien against the property that is the subject of this foreclosure.  Defendant, Via Christi's interest is junior and inferior to that of the United States of America.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the findings of this Court are hereby made the order of this Court.

IT IS FURTHER ORDERED that the United States is granted judgment in rem against defendant, Mary E. Chase and judgment in personam against defendant, Gabriel J. Blea, in the sum of $52,706.43 principal; together with accrued interest on principal in the amount of $9,706.71 as of March 24, 2005, plus interest accruing thereafter at the daily rate of $10.4692 on principal to the date of judgment herein; plus $2,517.35 interest credit or subsidy subject to recapture;  plus interest thereafter at the legal rate set forth in 28 U.S.C. § 1961, which is 4.29%; plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus court costs and the costs of this action presently and in the

future incurred.

IT IS FURTHER ORDERED that the United States is granted judgment foreclosing its mortgage on the subject real property.

IT IS FURTHER ORDERED that if the amount owing Plaintiff is not paid within ten (10) days from this date, an order of Sale directed to the United States Marshal for the District of Kansas shall issue upon proper motion being filed, commanding him to advertise and sell the described land and real estate at public sale at the front door of the Kearny County Courthouse, Lakin, Kansas, as though taken on execution and without appraisal, and subject to confirmation of the sale by this Court.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Plaintiff may bid up to the full amount due it at the time of said sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale.

IT IS FURTHER ORDERED that out of the proceeds arising from the sale, there be satisfied in the following order, as far as the same shall be sufficient:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on Plaintiff's in personam judgment against defendant, Gabriel J. Blea and in rem judgment against defendant, Mary E. Chase;

(4) Plaintiff's in personam judgment against defendant, Gabriel J. Blea and in rem judgment against defendant, Mary E. Chase, which are also found to be liens upon the subject real estate;

(5) The balance, if any, be brought into this Court to await its further order.

IT IS FURTHER ORDERED that the real estate being foreclosed upon and sold herein shall be sold at public sale in accordance with 28 U.S.C. §§2001-2003, inclusive.  As a default occurred before one-third of the original indebtedness secured by the mortgage was paid, the sale shall be subject to a redemption period not to exceed three months, pursuant to the provisions of K.S.A. § 60-2414.  The sale shall be subject to any unpaid real property taxes or special assessments.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon confirmation of the sale by this Court, the United States Marshal for the District of Kansas shall issue to the purchaser a Certificate of Purchase.  Upon expiration of the Defendants' redemption period without redemption of the property, the Marshal shall issue a deed conveying the real estate upon presentation of the Certificate of Purchase.  This deed shall convey the real estate to the holder of the Certificate of Purchase.  The Defendants herein and all persons claiming by, through or under them, shall be forever barred and excluded of any and all right, title, estate, equity or interest in, claim to or lien upon or against the real estate or any part or portion thereof.

IT IS FURTHER ORDERED that if the purchaser of the real estate is denied possession thereof, a Writ of Assistance will issue out of this Court upon the filing of a proper Motion therefore and without further order of the Court to place the purchaser of the real estate in peaceable possession thereof.

IT IS FURTHER ORDERED THAT if the judgment in personam against defendant, Gabriel J.

7

Blea, is not wholly satisfied out of the proceeds of said sale, Plaintiff shall have judgment against the defendant, Gabriel J. Blea, for such deficiency as may exist after crediting such proceeds together with interest thereon at the legal judgment rate.

Dated this 30th day of November, 2005, at Kansas City, Kansas.

    s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

Approved by:

ERIC F. MELGREN
United States Attorney

/s/Christina L. Medeiros
CHRISTINA L. MEDEIROS
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: Chris.Medeiros@usdoj.gov
Ks. S. Ct. # 12884
Attorneys for Plaintiff

s/ Robert L. Heath
Robert L. Heath #7127
3720 E. Bayley
Wichita, Kansas 67218
E-mail: bob_heath@via-christi.org
Attorney for Defendant
Via Christi Regional Medical Center

ELECTRONICALLY SUBMITTED